**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| OPS ACCOUNTING, INC. | ) | Case No. 21-00001 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | |
| | ) | Hearing: 01/28/2021 at 10:00 a.m. |

**NOTICE OF MOTION**

To: See Service List

PLEASE TAKE NOTICE that on **Thursday, January 28, 2021 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I will appear before the Honorable Carol A. Doyle, or any judge sitting in that judge's place and present the **DEBTOR'S MOTION FOR ENTRY OF ORDER EXCUSING REQUIREMENTS OF 11 U.S.C. SECTION 345(B)**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-8287666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **161 155 8289** and the password is **Doyle742**. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

OPS ACCOUNTING, INC.

By:   /s/ Miriam R. Stein

Miriam R. Stein
Gutnicki LLP
4711 Golf Road, Suite 200
Skokie, IL 60076
(847) 745-6592
mstein@gutnicki.com

## CERTIFICATE OF SERVICE

I, Miriam R. Stein, an attorney, hereby certify that on January 21, 2021, I caused a true and correct copy of the foregoing Notice of Motion and Motion to be filed with the Clerk of the Bankruptcy Court using the CM/ECF system, which will electronically notify the parties listed with the Court. For all parties not registered with the Court's CM/ECF system a true and correct copy was served by U.S. Regular mail as indicated on the service list on January 21, 2021.

By: /s/ Miriam R. Stein

## SERVICE LIST

### VIA ECF

- Matthew Brash    mbrash@newpointadvisors.us, I003@ecfcbis.com
- David Freydin    david.freydin@freydinlaw.com, vincent@freydinlaw.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov

### VIA U.S. Mail

OPS Accounting, Inc.
1590 S. Milwaukee Avenue, Suite 209
Libertyville, IL 60048

JP Morgan Chase Bank NA
Bankruptcy Mail Intake Team
700 Kansas Lane Fl. 01
Monroe, LA 71203-4774

Dept. of Treasury
SBA
409 3rd Street, SW
Washington, DC 20416-0005

Dept. of Treasury
IRS
PO Box 7346
Philadelphia, PA 19101-7346

First Home Bank
5250 Park Blvd. North
Pinellas Park, FL 33781-3417

Focus Commercial Property Mgmt
1590 S. Milwaukee Avenue, Suite 215
Vernon Hills, IL 60061

IRS
Mail Stop 5014CHI
230 S. Dearborn St., Room 2600
Chicago, IL 60604

Regus Management Group LLC
10 S. Riverside Plaza
Chicago, IL 60606

Theodore Galatsianos
738 Hillcrest Drive
Libertyville, IL 60048

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 21-00001** |
| | ) | |
| **OPS ACCOUNTING, INC.** | ) | **Chapter 11** |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

**DEBTORS'S MOTION FOR ENTRY OF ORDER EXCUSING
REQUIREMENTS OF 11 U.S.C. SECTION 345(B)**

NOW COMES OPS ACCOUNTING, INC., debtor and debtor in possession (the "Debtor"), by and through its counsel, and for its Motion for Entry of Order Excusing Requirements of 11 U.S.C. §345(b), hereby states as follows:

1. On January 1, 2021 (the "Petition Date"), the Debtor filed a voluntary petition under Sub Chapter V of Chapter 11 of the Bankruptcy Code.

2. The Debtor is a small business debtor as defined in 11 U.S.C. §101(51D) and continues to operate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. The Debtor has a principal place of business in Libertyville, Illinois. The Debtor operates an accounting firm.

4. The Debtor has its operating (checking) account at JP Morgan Chase (Account No. 8753) (the "Account").

5. Section 11 U.S.C. §345(b) provides in pertinent part:

> (b) Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall required from an entity with which such money is deposited or invested –

      (1) a bond – (A) in favor of the United States; (B) secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and (C) conditioned on – (i) a proper accounting for all money so deposited or invested and for any return on such money; (ii) prompt repayment of such money and return and (iii) faithful performance of duties as a depository; or
      (2) the deposit of securities of the kind specified in section 9303 of title 31 unless the court for cause orders otherwise.

6.    The Debtor's current banking institution has agreed to convert its existing Account into a Debtor in Possession account. Conversion of the Account into a DIP account does not strictly comply with the approved guidelines identified in Section 345. However, the size and nature of this case, conversion of the Account is in the best interest of all parties. Therefore, an order excusing compliance with Section 345(b) is required in this case. Further, this Motion takes into account the safety of the Debtor's deposits which do not exceed the FDIC protected threshold of $250,000 per account, and that JP Morgan Chase is an approved DIP banking institution. As of the Petition Date, the Account held $2,000, and the Debtor's estimated balance does not near (or ever exceed) the threshold.

7.    In light of the foregoing, cause exists to excuse the requirements under Section 345(b) of the Bankruptcy Code to the extent that those requirements are not consistent with the conversion of the Debtor's existing Account into a DIP account.

8.    Notice has been provided to the Debtor's scheduled creditors.

WHEREFORE, OPS ACCOUNTING, INC.. prays this Court enter an Order excusing the requirements of Section 345(b), authorizing the Debtor to convert its existing bank account(s) into DIP accounts and providing such other and further relief as this Court deems appropriate.

Dated: January 21, 2021

Respectfully submitted,

OPS ACCOUNTING, INC.

By:     /s/ Miriam R. Stein
        One of its Counsel

Miriam R. Stein
Gutnicki LLP
4711 Golf Road, Suite 200
Skokie, IL 60077
(847) 745-6592
mstein@gutnicki.com
*Counsel for the Debtor*